[J-31A-2018 and J-31B-2018] [MO: Saylor, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| LORA JEAN WILLIAMS; GREGORY J. SMITH; CVP MANAGEMENT, INC. D/B/A OR T/A CITY VIEW PIZZA; JOHN'S ROAST PORK, INC. F/K/A JOHN'S ROAST PORK; METRO BEVERAGE OF PHILADELPHIA, INC. D/B/A OR T/A METRO BEVERAGE; DAY'S BEVERAGES, INC. D/B/A OR T/A DAY'S BEVERAGES; AMERICAN BEVERAGE ASSOCIATION; PENNSYLVANIA BEVERAGE ASSOCIATION; PHILADELPHIA BEVERAGE ASSOCIATION; AND PENNSYLVANIA FOOD MERCHANTS ASSOCIATION, | : : : : : : : : : : : : : : : | No. 2 EAP 2018<br><br>Appeal from the Order of Commonwealth Court entered on 06/14/2017 at No. 2077 C.D. 2016 affirming the Order entered on 12/19/2016 in the Court of Common Pleas, Philadelphia County, Civil Division, at No. 01452 September Term 2016.<br><br>ARGUED: May 15, 2018 |
| Appellants | : : : : | |
| v. | : : : : : | |
| CITY OF PHILADELPHIA AND FRANK BRESLIN, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE PHILADELPHIA DEPARTMENT OF REVENUE, | : : : : : : : | |
| Appellees | : : | |
| LORA JEAN WILLIAMS; GREGORY J. SMITH; CVP MANAGEMENT, INC. D/B/A OR T/A CITY VIEW PIZZA; JOHN'S ROAST PORK, INC. F/K/A JOHN'S ROAST PORK; METRO BEVERAGE OF PHILADELPHIA, INC. D/B/A OR T/A METRO BEVERAGE; DAY'S BEVERAGES, INC. D/B/A OR T/A DAY'S BEVERAGES; AMERICAN BEVERAGE ASSOCIATION; PENNSYLVANIA BEVERAGE ASSOCIATION; PHILADELPHIA BEVERAGE | : : : : : : : : : : : : : | No. 3 EAP 2018<br><br>Appeal from the Order of Commonwealth Court entered on 06/14/2017 at No. 2078 C.D. 2016 affirming the Order entered on 12/19/2016 in the Court of Common Pleas, Philadelphia County, Civil Division, at No. 01452 September Term 2016.<br><br>ARGUED: May 15, 2018 |

| ASSOCIATION; AND PENNSYLVANIA FOOD MERCHANTS ASSOCIATION, | : |
|---|---|
| | : |
| | : |
| Appellants | : |
| | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| CITY OF PHILADELPHIA AND FRANK BRESLIN, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE PHILADELPHIA DEPARTMENT OF REVENUE, | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| Appellees | : |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                       **DECIDED:  July 18, 2018**

Philadelphia City Council skillfully constructed the Sugar-Sweetened Beverage Tax[1] (Beverage Tax) to appear to tax distributors, rather than sugar-sweetened beverages (SSBs) retailed in Philadelphia.  However, because the tax does not tax all distributors, and only taxes SSBs intended for retail sale in Philadelphia, the Pennsylvania sales tax on the retail sale of SSBs preempts the Beverage Tax.  72 P.S. § 7202(a).

At the outset, I agree with the Majority that the legal-incidence test applies, specifically an analysis of the subject matter and measure of the tax, and not an economic-incidence test.  Majority Opinion at 15.  I further agree that the particular motivations of City Council in enacting the Beverage Tax are not relevant to our inquiry. *Id.* at 19, n. 16.  However, I disagree with the Majority's conclusion that the subject of the Beverage Tax is the distributor.  *Id.* at 21.  While it is true that the distributor or dealer is

---

[1] PHILA. CODE. § 19-4100.

ultimately the payor, and thus seemingly the subject, for the reasons that follow, in my view the SSBs are the subject of the Beverage Tax.

In *Murray v. City of Philadelphia*, 71 A.2d 280 (Pa. 1950), this Court considered an amendment to a City ordinance which increased an existing tax, and imposed the tax on additional subjects. The Court's analysis focused on whether the City had the authority to impose the tax under the Sterling Act. [2] In so doing, the Court noted, "whether the city tax conflicts with that imposed by the state, the practical operation of the two taxes is controlling as against mere difference in terminology from time to time employed in describing taxes in various cases." *Id.* at 284. Ultimately, this Court held "[w]hen the corporation pays to its stockholders income out of the property on which the capital stock tax has been paid, the city may not again tax the income in the hands of the stockholder; and the reason is that the Sterling Act did not confer the power to tax the 'subject' that the state had taxed; on the contrary, tax was prohibited." *Id.* at 285. The subject of the tax in the hands of the corporation was property, while the subject in the hands of the stockholder was income; nevertheless, the practical operation was a duplicative tax.

In this case, the subject of the tax is SSBs intended to be sold in Philadelphia; it is not a tax on all distributors in Philadelphia. If the tax applied to the sale of all SSBs sold in the City of Philadelphia, the issue would be resolved as a clear violation of the Sterling Act. In order to distance the tax from the retail transaction, the Beverage Tax is applicable only on distributors who sell SSBs to dealers who intend to retail the beverages in the City of Philadelphia. PHILA. CODE. § 19-4103. Further, a dealer is subject to the tax if the distributor has not paid it. PHILA. CODE. § 19-4105(2). However, the tax does not apply to the act of distribution because not all distributors in Philadelphia are subject to the tax. For example, under the parameters of the Beverage Tax, a distributor is exempt from the

---

[2] Act of Aug. 5, 1932 P.L. 45, §1, *as amended* 53 P.S. §§ 15971-73.

tax if it sells SSBs to a dealer in Philadelphia as long as the dealer intends to sell the beverages outside the city limits. Additionally, a distributor is exempt if it sells SSBs to dealers who do not intend to sell the beverage but rather to give it away or provide it to their own employees for consumption. Likewise, a distributor located outside the Philadelphia City limits is obligated to pay the tax if it sells SSBs to a dealer transporting the SSBs into Philadelphia for retail sale. Plainly, these illustrations demonstrate that the subject of the tax is only SSBs retailed in Philadelphia, albeit imposed at the distribution level prior to holding the SSBs out for retail sale. The imposition of the tax at the distribution level to attempt to avoid duplication of the tax at the retail level is strikingly similar to *Murray*.

Thus, while I agree that the legal-incidence of taxing the transaction of distribution may not be a violation of the Sterling Act, I cannot agree that under the specific language of the Beverage Tax that it is truly a tax on distribution. Instead, the Beverage Tax is a tax on SSBs intended for retail sale in Philadelphia. As a result, the imposition of the Beverage Tax is a violation of the Sterling Act by the Philadelphia City Council.